UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-03688 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES ) | |
| SOLICITOR GENERAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and failure to state, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of Redwood City, California, sues the United States Solicitor General. The complaint is not a model in clarity. Plaintiff cites to 42 U.S.C. § 1985 without explanation, and then states that he is "suing to get food stamps," but fails to provide any facts or context to make out a colorable claim. Instead, he goes on to state that [sic] "Some Racists are good; Trump 'selling' a terrorist incident, Waring against the Perceived Threat, namely the Poor, thus [he is] Denied 'Food Stamps'!" He next vaguely discusses stock values during the COVID-19 pandemic and his proposed nationalization of the stock market and real property. Finally, he appears to discuss several of his potential inventions, including, "a-mirror-light-tube-solar-panel-system (think of mirrored house), not only for lighting (as with old-time Below-Deck Ship-Lighting) but Dedicated Power-Generation too," a "Super-Maid Cart," "Shelter-At-Work-Tents," "Shower-

Washing-Machine-Trailers," and "Govt. Vitamin C by mail."  It is unclear what any of these concepts have to do with one another or what connection they have to any intended claim.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls into this category.

To the extent that plaintiff seeks to challenge a denial of benefits, he has failed to state claim.  The court assumes that plaintiff is attempting to challenge a denial of Supplemental Nutrition Assistance Program, or "SNAP," benefits, which fall under the United States Department of Agriculture's federal nutrition assistance program.  *See* 7 C.F.R. § 271.1.  There is absolutely no connection between the Solicitor General and the determination or administration of SNAP benefits.  *See id*.  Furthermore, although it is a federal program, "SNAP is administered by State governments."  *Justice v. U.S. Dep't of Agrig*., No. 17-CV-4449-SCJ, 2018 WL 9988619, at *1

(N.D. Ga. Jan. 3, 2018); *see* 7 C.F.R. § 271.4.  Therefore, plaintiff must file suit against the specific state agency that denied him benefits, *see id.*, and notably, plaintiff resides in California, not in the District of Columbia, so venue here is improper, *see* 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a).

For the stated reasons, the court grants the IFP application, denies without prejudice plaintiff's pending motion for summary judgment, ECF No. 3, as premature and moot, and dismisses this case without prejudice.  A separate order accompanies this memorandum opinion.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

Date: December 23, 2022